Herman BELL, Sr., Appellant,

v.

The CITY OF WACO, et al., Appellees.

No. 10–91–235–CV.

Court of Appeals of Texas,
Waco.

July 22, 1992.

Rehearing Denied Sept. 9, 1992.

Linda M. Gassaway, Alford & Gassaway, P.C., Waco, for appellant.

Jim McDermitt, Riley & McDermitt, Waco, James Ludlum, Jr., Ludlum & Ludlum, Austin, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Herman Bell appeals the granting of a summary judgment in favor of the City of Waco, the Sanger Heights Neighborhood Association, and William Falco. We affirm.

On January 5, 1990, Bell filed suit against the City of Waco, the Sanger Heights Neighborhood Association, Durward Ringo, and William Falco. In his first amended petition, Bell alleged: (1) that his property was wrongfully and un-

justly included in the Sanger Heights Neighborhood Conservation District, created by Ordinance No. 1987–5 of the City of Waco on February 17, 1987;[1] (2) that on January 2, 1990, additional restrictions, which constituted an attempted wrongful taking and damaging of his property, were imposed on the neighborhood conservation district by Ordinance No. 1989–58;[2] (3) that the attempted rezoning of his property to prohibit the sale of automobiles represented an unreasonable exercise of the City's zoning power; (4) that the City of Waco and the Sanger Heights Neighborhood Association conspired to impress restrictive zoning requirements, which would damage the value of the property, upon the neighborhood conservation district; and (5) that Falco, as the Director of Planning and Community Development for the City of Waco, conspired with the other defendants to impress upon Bell's property such unreasonable zoning requirements. Ringo, who preceded Falco as Director of Planning, remained as a named defendant, but no cause of action was alleged against him in Bell's amended petition.

The City, Ringo, and Falco filed a motion for summary judgment asserting that there was no issue of material fact concerning Bell's claims because the City had not passed any ordinances affecting Bell's property. The Association joined in the motion for summary judgment. According to the motion, although Ordinance No. 1989–58 rezoned a number of lots within the Sanger Heights Neighborhood Conservation District, Bell's property remained in the zoning classification of C–3. Furthermore, Bell's property required no special permits to sell automobiles because it has frontage on West Waco Drive. Although Ordinance No. 1990–60 prohibited the sale of automobiles on C–3 property within neighborhood conservation districts, the ordinance excepted property with frontage on a primary arterial street.

By affidavit Annette Jones, an assistant city attorney, stated that the inclusion of Bell's property within the Sanger Heights Neighborhood Conservation District has not "limited the use of that property in any way which is different from other property zoned C–3 in the City of Waco." Furthermore, Ordinance No. 1989–58, which rezoned a number of lots within the Sanger Heights Neighborhood Conservation District, did not rezone Bell's property. According to Jones, although zoning changes were considered at public hearings during 1989, the zoning ordinance regulating neighborhood conservation districts was not amended to prohibit the sale of automobiles until Ordinance No. 1990–60 was passed on December 18, 1990.[3] Nevertheless, if C–3 property in a neighborhood conservation district has frontage on a primary arterial street, the sale of automobiles on that property is permitted as a matter of right. Finally, Jones stated that Bell's property consisted of six lots with frontage on West Waco Drive, a primary arterial street.

In response to the motion for summary judgment, Bell asserted that the City Plan Commission made a recommendation on August 22, 1989, to rezone Bell's property to make the current use a nonconforming use. According to Bell, the motion for summary judgment failed to address the damage caused by the defendants' attempts to rezone Bell's property. By affidavit, Bell also stated that "[t]he placement of my property within this district has seriously harmed its commercial market value and I have therefore been caused to suffer damages as a result thereof, both in my ability to utilize that property and also my ability to sell this property."

Three days before the hearing on the motion for summary judgment, the City and Falco filed an amended answer asserting the statute of limitations as an affirmative defense to Bell's claim that his property was wrongfully and unjustly included in

1. *See* Waco, Tex., Ordinance 1987–5 (Feb. 17, 1987).

2. *See* Waco, Tex., Ordinance 1989–58 (January 2, 1990).

3. *See* Waco, Tex., Ordinance 1990–60 (Dec. 18, 1990).

the Sanger Heights Neighborhood Conservation District.

The trial court concluded that "there are no genuine issues as to any fact and all the Defendants should be granted a judgment as a matter of law." Therefore, the court, noting that Ringo had previously been dismissed from the lawsuit by Bell, granted summary judgment on all of Bell's claims in favor of the City, the Association, and Falco.

In a single point of error Bell contends that the trial court erred in granting the motion for summary judgment. When the point of error simply complains, "The trial court erred in granting the motion for summary judgment," all grounds expressly raised in the trial court may be argued.[4] The moving party must show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues expressly set out* in the motion or in an answer or any other response."[5] (Emphasis added).

Bell argues that a genuine issue of material fact exists concerning whether his property was wrongfully and unjustly included in the neighborhood conservation district and concerning whether he was damaged as a result of attempts by the City, Falco, and the Association to have Bell's property rezoned to prohibit the sale of automobiles.

On appeal, the Association argues that Bell's cause of action alleging that he was wrongfully and unjustly included in the neighborhood conservation district was barred by the applicable two-year statute of limitation.[6] However, because the issue of limitations was not expressly set out in

the motion for summary judgment, the Association may not rely upon limitations as a basis for affirming the summary judgment.[7]

Nevertheless, we find that the inclusion of Bell's property in the neighborhood conservation district was a valid exercise of the City's police powers authorized by Chapter 211 of the Texas Local Government Code.[8] A zoning ordinance, duly adopted pursuant to Chapter 211, is presumed to be valid, and the burden is on the one seeking to prevent its enforcement, whether generally or as to particular property, to prove that the ordinance is arbitrary or unreasonable because it bears no substantial relationship to the health, safety, morals, or general welfare of the community.[9]

First, the City of Waco Code does not require the termination of nonconforming uses unless a nonconforming use is stopped for two or more years.[10] Second, Ordinance No. 1987–5 simply created the Sanger Heights Neighborhood Conservation District, making the property within the district subject to the provisions of section 4.2303 of the zoning ordinances of the City.[11]

According to section 4.2303, a neighborhood conservation district is an overlay district "intended to encourage the continued vitality of older residential areas of the city, to promote the development of a variety of new housing of contemporary standards in existing neighborhoods, and to maintain a desirable residential environment and scale."[12] The permitted uses of property within a neighborhood conservation district are those specified for the base district in which the property is located

4. *Cove Investments, Inc. v. Manges,* 602 S.W.2d 512, 517 (Tex.1980).

5. *Id.;* Tex.R.Civ.P. 166a(c).

6. *See Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 823 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

7. *See Cove Investments, Inc.,* 602 S.W.2d at 517.

8. *See* Tex.Loc.Gov't Code Ann. §§ 211.001–211.013 (Vernon 1988 & Supp.1992).

9. *City of Pharr v. Tippitt,* 616 S.W.2d 173, 176 (Tex.1981).

10. *See* Waco, Tex., Code App.C, § 3.801(b) (1987) ("Nonconforming uses may be continued or may be changed to a conforming use.").

11. *See* Waco, Tex., Code App.C, § 4.2303 (1987).

12. *See id.* § 4.2303(a).

unless modified by section 4.2303(d).[13] Likewise, lot area, height, and yard requirements are governed by the requirements of the base district unless modified by section 4.2303(e).[14] No modifications were made to the C–3 base district until Ordinance No. 1990–60 was adopted by the City on December 18, 1990.[15] Although automobile sales were prohibited on C–3 property within a neighborhood conservation district, lots with frontage on a primary arterial street were excepted from the restriction.[16] Finally, property within a neighborhood conservation district is subject to some additional restrictions identified by section 4.2303(f) as "building relationships and scale" standards, "open space" standards, and "traffic and access" standards.[17]

■■■■ By affidavit, Bell alleged that the placement of his property within the neighborhood conservation district has seriously harmed its commercial value. On appeal, he argues that his response to the motion for summary judgment creates a genuine issue of material fact. However, the validity of an amendment to a comprehensive zoning ordinance presents a question of law, rather than a question of fact.[18] If reasonable minds may differ as to whether a particular zoning ordinance has a substantial relationship to the public health, safety, morals, or general welfare, the ordinance must stand as a valid exercise of the city's police power.[19]

■■■ From the record, it does not appear that Bell has discharged his burden to prove that the City acted arbitrarily, capriciously, or unreasonably by imposing the additional standards of section 4.2303(f) on the Sanger Heights Neighborhood Conservation District. We hold that the trial court properly determined, as a matter of law, that there is no genuine issue of material fact concerning whether Bell's property was wrongfully and unjustly included in the neighborhood conservation district.

■■■■ Next, we address Bell's contention that a genuine issue of material fact exists concerning whether he was damaged as a result of attempts by the City, Falco, and the Association to have Bell's property rezoned to prohibit the sale of automobiles. With the exception of the additional standards imposed by section 4.2303(f), the only potential effect of section 4.2303 or Ordinance No. 1987–5 on Bell's property is the possibility or Bell's apprehension that his property will be rezoned in the future to prohibit the sale of automobiles.[20] This future prospect is not a present taking.[21] A decrease in the market value of lands caused by the prospects of the City's future implementation of a more restrictive neighborhood conservation plan favored by the Association, which may or may not require condemnation proceedings when such a plan is implemented, does not constitute a present taking.[22] Such a decrease in the market value of land is often referred to as noncompensable consequential damage that is incident to ownership of land.[23] Therefore, we find that the trial court properly determined, as a matter of law, that there is no genuine issue of material fact concerning whether Bell was damaged as a result of attempts by the City, Falco, and the Association to have Bell's property rezoned to prohibit the sale of automobiles.

13. *See id.* § 4.2303(d).

14. *See id.* § 4.2303(e).

15. *See* Waco, Tex., Ordinance 1990–60 (Dec. 18, 1990).

16. *See id.*

17. *See* Waco, Tex., Code App.C, § 4.2303(f) (1987 & 1991).

18. *See Tippitt,* 616 S.W.2d at 175.

19. *See id.* at 176.

20. *See Southern National Bank of Houston v. City of Austin,* 582 S.W.2d 229, 237 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.).

21. *See City of Abilene v. Burk Royalty Co.,* 470 S.W.2d 643, 647 (Tex.1971).

22. *See Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 822 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

23. *Id.*

We overrule Bell's single point of error and affirm the summary judgment.