Harley Ethridge and Lucy Ethridge v. Hamilton County Electric Cooperative Association















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-227-CV

     HARLEY ETHRIDGE AND LUCY ETHRIDGE,
                                                                              Appellants
     v.

     HAMILTON COUNTY ELECTRIC 
     COOPERATIVE ASSOCIATION,
                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 96-09-11096-HCCV
                                                                                                              

O P I N I O N
                                                                                                              

      This is a property damage action brought by Harley and Lucy Ethridge (“the Ethridges”)
against the Hamilton County Electrical Cooperative (“HCEC”). The Ethridges seek damages for
a fire which occurred at their home on July 5, 1995. They allege that lightning struck an electrical
meter and base which had been installed by HCEC and that an improper ground allowed the
electrical load to be transmitted to the home, causing the fire.
PROCEDURAL HISTORY
      The Ethridges' petition alleges that the meter and base were not properly grounded. They
also allege that “proper” grounding consists of a grounding rod inserted to a certain depth near
the pole, connected to the meter and base by a copper wire. Specifically, they allege: “The meter
base was not connected to a ground. . . . The failure of [HCEC] to install a ground was a breach
of [its] duty to install properly and is therefore negligence.” HCEC filed a general denial.
      HCEC filed a motion for summary judgment on the grounds that the claim was barred as a
matter of law by the HCEC Association Electric Service Agreement Tariff, Provision 322.5,
which provides that HCEC is not liable for damages occasioned by an “Act of God.” The
Ethridges responded, conceding that the lightning was an Act of God, but asserting that HCEC's
intervening negligence in failing to properly ground the meter made the Act-of-God provision
inapplicable. Attached to their response was the deposition testimony of Charlie Watson, a retired
electrician. Watson stated that a few weeks prior to the fire, he had examined the Ethridges' meter
and pole and had observed that the ground wire was not attached to the grounding rod. 
      HCEC filed an amended motion for summary judgment reasserting that the Act-of-God clause
precluded the cause of action and asserting that the summary-judgment evidence disproves one
element of the Ethridges' claim, i.e., HCEC's intervening negligence, as a matter of law. 
Attached to the motion were the affidavits of Jim Vanderveer and Judd Clayton Jr. Vanderveer's
affidavit states that he was a line superintendent with HCEC and had inspected the Ethridges' pole
after the fire. He states that there were three separate ground paths in place. First, there was a
ground rod connected to a No. 6 copper wire. Second, there was a “butt ground” at the bottom
of the pole. Third, there was a “system ground” bonded to the transformer case, the pole ground,
and the grounding rod. Vanderveer also states that, in addition to the three grounding paths, the
transformer was equipped with a lightning arrester. Based on his observations, Vanderveer states
that the transformer and meter pole were properly grounded and such grounding was in
compliance with the National Electrical Code, The National Electrical Safety Code, and HCEC's
design criteria and specifications. 
      Vanderveer further states that, contrary to Watson's observations, he had not seen a loose
conductor wire; rather, all of the wires were properly connected. “Even assuming, however, that
the conductor was not attached to the pole at the time of the incident (an assertion I do not agree
with), there were still two other separate grounding mechanisms in place, in addition to the
lightning arrester.” 
      Clayton's affidavit states he is a graduate electrical engineer with 25 years' experience. He
inspected the Ethridges' property and found three separate ground paths. He states that he had
read Watson's deposition asserting that the No. 6 copper conductor had not been attached to the
ground rod. Clayton states that he had found no support for Watson's assertion. “Nevertheless,
even if the bare conductor was not attached to the ground rod at the time of this incident as alleged
by Mr. Watson, there were two other separate and distinct grounding mechanisms in place. Any
assertion that this electrical system was not properly grounded at the time of the incident is without
any basis in fact.”
      Relying on these affidavits, HCEC argued that there was no evidence to dispute that the two
other grounding mechanisms were in place.
      The Ethridges responded to the amended motion asserting that the affidavits were conclusory,
that the statements revolve around the credibility of the witnesses, and that there is a fact issue. 
The court granted summary judgment.
APPEAL OF SUMMARY JUDGMENT
      In a single issue, the Ethridges complain that the court erred in granting summary judgment. 
They specify four areas in which the court erred: (1) the intervening negligence of HCEC negates
the Act-of-God provision of the tariff; (2) HCEC's motion asserts that they failed to raise
sufficient evidence of intervening cause, which is essentially an improper “no-evidence” motion
for summary judgment; (3) the summary judgment proof is insufficient; and (4) the evidence
presents a fact question. 
      The correct issue on the appeal of a summary judgment is: “The trial court erred in granting
the motion for summary judgment.” See Cove Invest., Inc. v. Manges, 602 S.W.2d 512, 517
(Tex. 1980); Bell v. City of Waco, 835 S.W.2d 211, 214 (Tex. App.—Waco 1992, writ denied). 
Under this issue, the appellate court will consider each ground raised in the trial court. See
Manges, 602 S.W.2d at 517.
      The standards for reviewing a summary judgment are well established. Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing that no
genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of
law. Id. The reviewing court must accept all evidence favorable to the non-movant as true. Id.
at 548-49. Every reasonable inference must be indulged in favor of the non-movant and all doubts
resolved in its favor. Id. at 549.
      If the defendant disproves an element of the plaintiff's cause of action as a matter of law,
summary judgment is appropriate. Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280,
282 (Tex. 1996). When necessary to establish a fact issue, the nonmovant must present summary-judgment evidence. Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex.
1982).
      HCEC moved for summary judgment on the ground that the tariff precluded liability for an
Act of God. The Ethridges responded that HCEC's intervening negligence in failing to connect
the copper wire to the grounding rod made the provision inapplicable. See Macedonia Baptist
Church v. Gibson, 833 S.W.2d 557 (Tex. App.—Texarkana 1992, writ denied). HCEC amended
its motion to state that (1) the grounding rod was properly connected and (2) even if it were not,
two other distinct grounding mechanisms were in place. The Ethridges did not file additional
summary-judgment evidence; rather, they argued that there remained a fact issue.
      The summary-judgment evidence on whether the grounding rod was properly connected is in
dispute. Watson stated that it was not connected; Clayton and Vanderveer stated that it was
properly connected. This presents a fact issue as to that particular grounding mechanism. 
However, HCEC's summary-judgment proof that two other grounding mechanisms were in place
was not controverted.
      Clayton's affidavit states that, even if Watson's assertions regarding the grounding rod were
true, two other grounding mechanisms were in place. Thus, “[a]ny assertion that this electrical
system was not properly grounded at the time of the incident is without any basis in fact.” Taking
the Ethridges' summary-judgment proof as true, the grounding rod was not properly installed. 
Nixon, 690 S.W.2d at 549. However, HCEC brought testimony that two other grounding
mechanisms were in place and thus the system was properly grounded. The Ethridges' petition
alleges that HCEC's failure to install a ground was negligence. HCEC has successfully negated
that element of their cause of action. Friendswood, 926 S.W.2d at 282. Thus, the summary
judgment was proper.
      We overrule the issue. 
NO-EVIDENCE SUMMARY JUDGMENT
      We will briefly address the Ethridges' assertion that the court granted a “no-evidence” motion
for summary judgment. Rule 166a(i) provides:
(i) No-evidence motion. After adequate time for discovery, a party without presenting
summary judgment evidence may move for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. The motion must state the elements as to which there
is no evidence. The court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact.
Tex. R. Civ. P. 166a(i). HCEC denies that it moved for a no-evidence motion for summary
judgment. 
      As indicated by our analysis above, we believe this was a standard motion for summary
judgment, not a “no-evidence” motion under Rule 166a(i). HCEC presented summary-judgment
evidence which shows it was entitled to judgment as a matter of law. 
      The no-evidence summary judgment is a relatively new creature which is working its way
through the appellate courts. In several recent cases, we have seen confusion when a party argues
on appeal that a motion was a “no-evidence” motion for summary judgment when the motion was
clearly a motion under the long-standing rule allowing motions for summary judgment. In the
future, a party moving for a “no-evidence” summary judgment under the new rule should
explicitly state that it is a “no-evidence” motion under Rule 166a(i). Id. Such a motion should
be made without presenting summary judgment evidence. See id. 
CONCLUSION
      Having overruled the issue, we affirm the judgment.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed June 23, 1999
Publish