Jacobo v. Binur, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-322-CV

     DONNA JACOBO,
                                                                         Appellant
     v.

     NIR S. BINUR, M.D.,
                                                                         Appellee
 

From the 172nd District Court
Jefferson County, Texas
Trial Court # E-155549
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      Bad facts make bad law. This is such a case.
      There is a difference between a medical malpractice case based on the failure to obtain
“informed consent” and a case based on negligent diagnosis and recommended course of
treatment. We should make that distinction in this case. As presented, the evidence in this case
is about negligent diagnosis and recommended course of treatment, not informed consent. 
Everyone agrees the patient only asserted an informed consent cause of action. But the patient is
not complaining about the occurrence of a risk about which she was not informed. The patient
is complaining that she did not need the surgery. The trial court did not err in granting summary
judgment.
BACKGROUND
      Jacobo’s specific complaint in this case is that she was not advised that she might not need to
have both breasts removed to avoid cancer. The summary judgment evidence, which in this
summary judgment proceeding we must take as true, is that Binur did not adequately evaluate her
medical history for the risk of cancer and then told her that she would develop cancer in her
breasts, and if not treated, she would die as a result. When we attempt to fit this evidence within
the claim Jacobo is asserting, it is readily apparent that there has been no occurrence of a “risk”
of which Jacobo had not been informed. Negligent evaluation, diagnosis, or treatment is not an
informed consent cause of action, which is the only claim asserted by Jacobo.
INFORMED CONSENT
      We must begin with the informed consent statute. The failure to obtain consent for a
particular medical procedure was traditionally brought as a common law claim for battery–a
harmful or offensive touching without permission. See Greene v. Thiet, 845 S.W.2d 26 (Tex.
App.—San Antonio 1992, writ denied). In the medical malpractice area, this theory is based upon
the doctor’s failure to disclose the various risks of the medical procedure. The theory was that
without fully disclosing the risk, the patient’s consent to the procedure was not effective, therefore
the procedure was a battery upon the patient by the doctor.
      In response to this growing line of cases, the legislature enacted the “Informed Consent”
subchapter of the Medical Liability and Insurance Improvement Act of Texas. Tex. Rev. Civ.
Stat. Ann. art. 4590i (Vernon Supp. 2002). The statute defines a cause of action for the failure
to disclose a risk or hazard to the patient and limits the application of the theory to the occurrence
of a risk or hazard not disclosed. The statute is as follows:
Sec. 6.02. In a suit against a physician or health care provider involving a health care
liability claim that is based on the failure of the physician or health care provider to
disclose or adequately to disclose the risks and hazards involved in the medical care or
surgical procedure rendered by the physician or health care provider, the only theory on
which recovery may be obtained is that of negligence in failing to disclose the risks or
hazards that could have influenced a reasonable person in making a decision to give or
withhold consent.

Id. at § 6.02.
      The statute has been interpreted to define a cause of action consisting of the following
elements:
1.That the physician or health care provider failed to disclose a risk or hazard of the
procedure; 
 
      2.   That the risk or hazard not disclosed was inherent in the procedure; 
3.That the risk or hazard was material in the sense of one which could influence a
reasonable person in making a decision to give or withhold consent to the procedure;
 
      4.   That the patient actually developed the risk or hazard not disclosed; and
 
5.That the failure to disclose the risk or hazard was a proximate cause of injury to the
patient.

See McKinley v. Stripling, 763 S.W.2d 407, 409 & 410 (Tex. 1989); Barclay v. Campbell, 704
S.W.2d 8, 9-10 (Tex. 1986); and Peterson v. Shields, 652 S.W.2d 929, 931 (Tex. 1983). In
McKinley, Justice Mauzy complained in his dissent about the addition of the fifth element,
proximate cause, contending that the statute did not require it. McKinley, 763 S.W.2d at 410.
      There are two different ways to analyze the particular issue in this case. The first alternative
is that Jacobo was informed that a risk or consequence of the surgery was that her breasts would
be removed, her breasts were in fact removed, she is now complaining about the removal of her
breasts, but because she was informed of that consequence (risk or hazard), as a matter of law
there was informed consent for the removal of her breasts. See Tajchman v. Giller, 938 S.W.2d
95, 99-100 (Tex. App.—Dallas 1996, writ denied); Jones v. Papp, 782 S.W.2d 236, 241 (Tex.
App.—Houston [14th Dist.] 1989, writ denied); Hartfiel v. Owen, 618 S.W.2d 902, 905 (Tex.
App.—El Paso 1981, writ ref’d. n.r.e.). This is not a logical analysis and is only necessary if this
case is forced into the informed consent construct. But if this case is forced into the informed
consent construct, because removal of her breasts was a consequence of the procedure of which
Jacobo was informed, I would hold that Binur proved as a matter of law that the duty to disclose
the risk or hazard of the surgery was fulfilled. I would further hold that it is immaterial who
fulfills the duty of disclosure, so long as the patient is advised of the possible consequence, it is
not necessary for every doctor involved in the surgery to separately make the required disclosure.
      However, the proper way to analyze the issue in this case is that while misdiagnosis and
mistreatment might constitute negligence, it does not constitute failure to make the required
disclosure. Marling v. Maillard, 826 S.W.2d 735, 738 (Tex. App.—Houston [14th Dist.] 1992,
no writ); Brown v. Armstrong, 713 S.W.725, 727 (Tex. App.—Houston [14th Dist.] 1986, writ
ref’d n.r.e.). The Medical Act does not allow us to hold a doctor liable under an informed consent
theory when a patient is misdiagnosed and unnecessary surgery is performed. Patton v. Saint
Joseph’s Hospital, 887 S.W.2d 233, 247 (Tex. App.—Fort Worth 1994, writ denied). This is
precisely what the majority of this court has allowed Jacobo to do. I would not. Accordingly, I
respectfully dissent.
NO-EVIDENCE SUMMARY JUDGMENT
      I must also address the majority’s decision to review a no-evidence motion for summary
judgment under the standard of review applicable to a traditional summary judgment motion. 
Binur’s summary judgment motion began with a traditional motion and set out the various grounds
on which Binur moved for summary judgment, contending that the summary judgment proof
affirmatively negated elements of Jacobo’s informed consent claim. The motion then identified
the evidence upon which the traditional motion for summary judgment was based. Then, under
a new heading, in a clearly separate section of the motion, Binur moved for a no-evidence
summary judgment, identifying two specific issues on which Binur asserted there was no evidence. 
These two elements were that there was no evidence to rebut the presumption that informed
consent was obtained and there was no evidence to establish proximate cause in support of her
claim.
LOOSE REFERENCE SINKS NO-EVIDENCE MOTION?
      The majority concludes that simply because some evidence was referenced or presented “we
will treat Binur’s motion as containing only traditional summary judgment claims, and we will
examine the motion under the traditional summary judgment standard of review.” (Majority
opinion at page 4). But the motion does not rely on the evidence referenced. For example, with
regard to the proximate cause issue, Binur asserts that not only is there no evidence to establish
proximate cause, he also asserts that the only evidence is to the contrary. Basically, acting in the
role of an advocate, in Binur’s no-evidence motion for summary judgment, he references evidence
he believes supports the argument that there is no evidence that his failure to provide the required
disclosure was the proximate cause of Jacobo’s injury. In essence, the majority holds that if any
evidence is referenced, it cannot be a no-evidence motion for summary judgment. This virtually
eliminates the ability to bring a dual motion for summary judgment—a traditional summary
judgment motion and a no-evidence summary judgment motion in the same document. 
      Because the majority “treats” the no-evidence motion as a traditional motion for summary
judgment, the review of the no-evidence summary judgment in this case is conducted using an
improper standard of review. The application of the traditional summary judgment standard
disregards Rule 166a(i) and is not a proper reading of Williams and Ethridge. Williams v. Bank
One, N.A., 15 S.W.3d 110, 116 (Tex. App.—Waco 1999, no pet.); Ethridge v. Hamilton Co.
Elec. Coop. Ass’n, 995 S.W.2d 292, 295 (Tex. App.—Waco 1999, no pet.). 
Explicitly Stated in the Motion
      In Ethridge, we noted that there had been some confusion regarding implementation of the no-evidence motion for summary judgment rule. Id. We had noted instances in which a party would
argue to the trial court, or on appeal, that there was no evidence to support an element of a claim. 
In some instances, it was not clear whether the movant was attempting to prove as a matter of law
that there was no evidence or whether the movant was attempting to shift the burden of going
forward with presenting some evidence of the element on the non-movant by bringing a no-evidence summary judgment motion pursuant to Rule 166a(i). To clarify this confusion we noted
that a movant “should explicitly state that it is a ‘no-evidence’ motion under Rule 166a(i).” 
Ethridge, 995 S.W.2d at 295.
      Binur’s motion is very explicit. The motion has a section captioned: “IV. THE
STANDARD OF REVIEW FOR A MOTION FOR SUMMARY JUDGMENT UNDER RULE
166a(b) AND RULE 166a(i).” Binur’s motion then cites Rule 166a(i) four times in the second
paragraph under this heading in which it alleges there is no evidence on two specified issues. This
is sufficiently explicit under Ethridge to constitute a no-evidence summary judgment motion under
Rule 166a(i). It is more explicit than what we held as adequate in Williams. Williams, 15 S.W.3d
at 116.
Dual Motions
      Dual motions on different issues will occur in situations where the movant may have attached
evidence to support one ground, for example an affirmative defense, but also moved for judgment
on the ground that the non-movant has no evidence of a particular element of the non-movant’s
claim. No-evidence summary judgment motions may also be brought on the same ground, and
in the same document, as a traditional motion. What is clearly a no-evidence motion cannot be
disregarded, or “treated” as a traditional motion, because of a reference to summary judgment
evidence on which the no-evidence motion does not rely–evidence which is unnecessary to
properly grant the no-evidence summary judgment motion.
Reliance vs. Persuasion–a fatal reference?
      One of the problems the no-evidence motion was designed to eliminate was the difficulty of
proving a negative. A movant may file a traditional summary judgment motion upon the belief
the evidence proves that a state of facts necessary for the non-movant to prevail does not exist as
a matter of law. In essence, that the evidence negates an element of the non-movant’s claim as
a matter of law. But as a fall-back position, the movant may also bring a no-evidence summary
judgment motion that the non-movant has no evidence by which it can establish that the state of
facts necessary to prevail exist. 
      The no-evidence motion in this case is an example of arguing this type of fall-back position
as a no-evidence motion for summary judgment and referencing evidence to persuade the reader
the non-movant has no evidence in support of the issue. The motion the majority “treats” as a
traditional motion is as follow:
In the event that the Court holds that Dr. Binur was under such a duty, there is no
evidence that any acts or omissions of Dr. Binur in connection with the informed consent
process were a proximate cause of plaintiff’s decision to undergo the mastectomy
procedure. To the contrary, the summary judgment evidence conclusively establishes
that the decision to perform the prophylactic mastectomy was one made by the plaintiff
and her general surgeon, Dr. Schmidt. Thus Dr. Binur’s alleged acts, omissions, or
recommendations with respect to the mastectomy procedure were not, and could not have
been, the proximate cause of plaintiff’s decision to undergo the mastectomy procedure
or plaintiff’s resulting injuries or damages, if any.

The filing of a no-evidence motion should not prohibit all references to evidence which tends to
show there is no-evidence on the issue. After all, it is the nature of the advocate’s role to argue
in support of the position that there is no-evidence. It is absurd to hold that by including the
middle sentence of the above quoted paragraph, Binur converted what would otherwise be a proper
no-evidence summary judgment motion to a traditional summary judgment motion.
Application of the Standards of Review in General
      If a traditional and no-evidence motion are based on the same ground, a review of only the
traditional motion under the standard of review applicable to traditional motions is proper if it
results in reversal of the summary judgment. This is because if there is a fact issue presented in
the response on the ground raised in the traditional motion that would result in a reversal of the
judgment on that ground, there is obviously a fact issue presented in the response to the same
ground raised in the no-evidence motion.
      But if the traditional motion cannot be affirmed because the movant failed to establish
entitlement to judgment as a matter of law, it is nevertheless necessary to conduct a review of the
no-evidence motion. If the non-movant failed to respond to the no-evidence motion, or failed to
point out some evidence in support of the issue in the response, the summary judgment based on
the no-evidence motion for summary judgment should be affirmed. Tex. R. Civ. P. 166a(i). We
cannot change the substance of what the motion is just because the movant made reference to
evidence in support of the argument that the non-movant has no evidence on that ground for
summary judgment.
Application of the Proper Standard of Review
      The appropriate standard of review applicable to a no-evidence summary judgment motion is
very important to this particular case. Binur moved for summary judgment on the ground that
Jacobo had no evidence that Binur’s alleged failure to disclose the risk of the surgery was the
proximate cause of injury to Jacobo. The authoritative commentary to Rule 166a(i) provides that
the response must “point out evidence that raises a fact issue on the challenged elements.” Tex.
R. Civ. P. 166a(i). Jacobo’s response does not purport to respond to the no-evidence motion for
summary judgment on proximate cause and thus does not “point out evidence” on proximate
cause. If the rule means what it says, then the trial court properly granted summary judgement
on the basis that Jacobo did not respond to the no-evidence motion for summary judgment on
proximate cause filed by Binur.
      Accordingly, I respectfully dissent from the majority opinion wherein it purports to review
the no-evidence motion for summary judgment under the standards applicable to a traditional
motion for summary judgment and holds that Jacobo raised a fact issue on proximate cause.
CONCLUSION
      There is no doubt that Jacobo has suffered as a result of her surgeries. But I cannot force her
facts into an informed consent claim. Likewise, I cannot ignore the fact she did not respond to
the no-evidence summary judgment motion on proximate cause. Accordingly, I would have to
affirm the trial court’s summary judgment.

                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed February 6, 2002
Publish