Gertie Marlen Brooks and Sam Roland Brooks v. First Assembly of God Church of Cleburne
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-270-CV

     GERTIE MARLENE BROOKS
     AND SAM ROLAND BROOKS,
                                                                         Appellants
     v.

     FIRST ASSEMBLY OF GOD 
     CHURCH OF CLEBURNE,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # C199900285
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      After attending a night service at the First Assembly of God Church of Cleburne, Gertie
Marlene Brooks fell in the parking lot and injured her face, knee, and back. Mrs. Brooks had
stumbled over a “curb-stop” that bordered an empty parking space near the Church building; she
claimed she could not see the stop because it was dark. The Church filed a summary-judgment
motion contending that Mrs. Brooks could not recover her damages because there is no evidence
that: (a) the curb stop, a condition of the Church’s property, posed an unreasonable risk of harm;
and (b) the Church had notice of this allegedly dangerous condition. The Church attached
summary-judgment evidence to its motion, in an effort to bolster its argument. The trial court
granted the motion, and Mrs. Brooks


 brought this appeal.
Defendant’s Motion: A Traditional or No Evidence One?
      We have established a line of cases which say that a summary judgment motion labeled a “no
evidence” motion under Rule 166a(i) will be treated on appeal as a traditional summary judgment
motion if summary-judgment evidence is attached and referred to in the motion. Jacobo v. Binur,
70 S.W.3d 330, 333 (Tex. App.—Waco 2002, pet. filed); Torres v. City of Waco, 51 S.W.3d 814,
822 (Tex. App.—Waco 2001, no pet.); Williams v. Bank One, N.A., 15 S.W.3d 110, 116 (Tex.
App.—Waco 1999, no pet.); Ethridge v. Hamilton County Elec. Coop. Ass’n, 995 S.W.2d 292,
295 (Tex. App.—Waco 1999, no pet.). This reasoning is based on the plain-language
interpretation of Rule 166a(i):
After adequate time for discovery, a party without presenting summary judgment
evidence may move for summary judgment on the ground that there is no evidence of one
or more essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial. The motion must state the elements as to which there is no
evidence. The court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact.

Tex. R. Civ. P. 166a(i).
      Because of our previous holdings on this issue, we do not deem the Church’s motion to be a
“no evidence” motion, even though the Church referred to Rule 166a(i). The motion presented
extensive argument explaining to the trial court how the summary-judgment evidence attached to
the motion demonstrated that there is no genuine issue of material fact concerning two essential
elements of Mrs. Brooks’ premises-liability claim. By filing this motion, with summary-judgment
evidence attached, the Church assumed the burden to show that there is “no genuine issue as to
any material fact” concerning whether (1) the concrete curb-stop, in the dark, posed an
unreasonable risk of harm, and (2) the Church had knowledge of the dangerous condition. See
id. 166a(c) (The movant is entitled to judgment if the summary judgment motion and
accompanying evidence “show that, except as to the amount of damages, there is no genuine issue
as to any material fact and the moving party is entitled to judgment as a matter of law on the issues
expressly set out in the motion.”). Accordingly, we apply the standard of review for traditional
summary judgment motions despite the Church’s attempted characterization of its motion as a “no
evidence” one.
Standard of Review
      The “main policy consideration behind creating [a summary judgment] device was to allow
trial courts to dispose of patently meritless claims and defenses without resorting to a full trial on
the merits.” William J. Cornelius et al., Tricks, Traps, and Snares in Appealing a Summary
Judgment in Texas, 50 Baylor L. Rev. 813, 814 (1998). The standard of review for a traditional
summary judgment is well established: (i) the movant for summary judgment has the burden of
showing there is no genuine issue of material fact and is entitled to summary judgment as a matter
of law; (ii) in deciding whether there is a disputed material-fact issue preventing summary
judgment, we take evidence favorable to the non-movant as true; and (iii) every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Larsen v. Carlene
Langford & Assocs., 41 S.W.3d 245, 248-49 (Tex. App.—Waco 2001, pet. denied). When
necessary to establish a fact issue, the non-movant must present summary-judgment evidence. 
Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982); Ethridge, 995
S.W.2d at 294. To prevail on summary judgment, the Church, as we have stated, must show
there is no genuine issue of material fact concerning one of the two essential elements of the
Brooks’s cause of action that it put in issue. Larsen, 41 S.W.3d at 249.



Application
      The elements of a premises-liability claim are: (1) the owner had actual or constructive
knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of
harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and
(4) the owner’s failure to use such care proximately caused the plaintiff’s injuries. Dallas Market
Center Dev. v. Liedeker, 958 S.W.2d 382, 385 (Tex. 1997). We note that this is not a “slip-and-fall” case which typically involves the presence of a foreign substance on the owner’s property that
has been in existence for a sufficient length of time such that the owner should have known about
and removed the substance to prevent an accident from occurring. Rather, the facts in this case
are unique, in that Mrs. Brooks contends that her fall in the parking lot was caused by a condition
resulting from the lack of lighting near where she stumbled over the curb-stop.
Condition Posing an Unreasonable Risk of Harm
      The Church contends that the summary-judgment evidence shows that the curb-stop, as a
matter of law, does not pose an unreasonable risk of harm. “A condition presenting an
unreasonable risk of harm is one in which there is such a probability of a harmful event occurring
that a reasonably prudent person would have forseen it or some similar event as likely to happen.” 
Reliable Consumers, Inc. v. Jaquez, 25 S.W.3d 336, 341 (Tex. App.—Austin 2000, pet. denied)
(quoting Seideneck v. Cal Bayreuther & Assoc., 451 S.W.2d 752, 754 (Tex. 1970)).
      The Church contended in its motion that “[i]t is certainly reasonable to presume that non-functioning lights and car stops create some risk. However, Plaintiffs cannot provide any
evidence, and certainly no evidence to create a material fact question, that any condition on the
parking lot poses an unreasonable risk of harm.” (Emphasis in original). However, Billie Lee
Hassell, a former trustee of the Church, said that light fixtures on the building had not functioned
properly for some time. Hassell said “[t]hey work sometimes, and sometimes they don’t.” He
explained that the fixtures were operated by a remote system that turned on the lights at a chosen
time; according to Hassell, the remote system did not always turn on the lights as programmed. 
Mrs. Brooks testified in her deposition that the light fixture on the building closest to where she
fell was off. She simply stated: “It was dark. . . . there was no light.”
      Faced with a similar request, i.e., to hold as a matter of law that a particular condition of
property could never pose an unreasonable risk of harm, the Austin Court of Appeals stated:
It is important to note that reasonableness determinations such as the one here are fact-intensive inquiries and, as such, are issues well-suited for a jury’s determination. Indeed,
as the Texas Supreme Court commented in one of the cases cited by appellant, there is
no definitive, objective test that may be applied to determine whether a specific condition
presents an unreasonable risk of harm.

Reliable Consultants, Inc., 25 S.W.3d at 342 (citing Seideneck, 451 S.W.2d at 754); see also State
Bar of Texas, Texas Pattern Jury Charges—Malpractice, Premises, & Products PJC 66.3 (2000)
(The pattern charge for a premises-liability claim specifically asks the jury “if the condition posed
an unreasonable risk of harm.”).
      Furthermore, the Supreme Court has recently addressed whether darkness caused by non-functioning mast lighting on the Queen Isabella Causeway posed a “dangerous condition.” County
of Cameron v. Brown, 45 Tex. Sup. Ct. J. 680, 2001 WL 1869986, *4 (May 23, 2002). A
plurality of the Court held:
We cannot say, as a matter of law, that it is unforseeable that a significant and
unexpected change in lighting at night on a narrow and curving causeway could impair
a motorist’s ability to avoid obstacles that lie ahead. While [plaintiff’s] alleged lack of
care may be an issue of comparative responsibility for the jury to decide, . . . , it does
not render the subsequent harm in this case unforseeable.

Id. The Court stated that the “decision rests upon the causeway’s unique characteristics and the
nature of the particular dangerous condition alleged.” Id. at *5.
      Similarly, Mrs. Brooks is complaining of a particular condition that is unique, i.e., she claims
that the non-functioning lighting which was supposed to illuminate her path through the empty
parking space caused her to not see the curb-stop and fall. Accordingly, we cannot say that it is
unforeseeable that a “significant” change in lighting at night in a parking lot could impair Mrs.
Brooks’s ability to “avoid obstacles that lie ahead.” Id. at *4. The Church concedes that this
“condition” posed some risk. Whether a particular risk is unreasonable or not is a fact question
for the jury. Reliable Consultants, Inc., 25 S.W.3d at 342. We cannot say the summary-judgment
evidence conclusively shows that the complained of condition did not pose an unreasonable risk.
Actual or Constructive Knowledge
      Here, the condition of which Mrs. Brooks complains is the curb-stop in a dark part of the
Church’s parking lot. The Church obviously had knowledge of the curb-stop from the time it was
first placed on its property. The Brookses allege that the darkness of night, coupled with the fact
that the light on the building closest to the curb-stop was not on, caused her to fall. The summary-judgment evidence establishes that the Church had installed (1) at least two tall mast lighting
fixtures that illuminate the outer edge of the parking lot and (2) fixtures placed under the eave, or
overhang, of the Church building for the purpose of illuminating the areas close to the building,
i.e., parking spaces and entrances to the building.
      Mr. Hassell stated that when dusk arrives his “regular routine” was to turn on the mast
lighting in the parking lot. His routine does not include turning on the lights affixed to the Church
building because they are operated by a remote system in which the lights are programmed to turn
on at a certain time. He also said that the fixtures light up at their designated time “sometimes,
and sometimes” not. He admitted, however, that he did not know whether the fixture that Mrs.
Brooks alleges was off was in fact off: “[T]his Northeast one [referring to the light fixture at issue]
hadn’t worked in a long time.” Pastor Brown stated that he did not know why that light fixture
was not on. Brown said: “I don’t know if they were burned out or if they just were not flipped
on. I don’t know.” Finally, Hassell admitted that he once tripped and fell over a curb-stop in the
Church’s parking lot during the day.
      Indulging “every reasonable inference” in favor of Mrs. Brooks, the non-movant, we find
more than a scintilla of summary-judgment evidence concerning the Church’s actual or
constructive knowledge of the particular condition which allegedly caused her fall. Nixon, 690
S.W.2d at 548-49.
Conclusion
      Finding that the summary-judgment evidence raises genuine issues of fact, we reverse the trial
court’s judgment and remand the cause for further proceedings.
 

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed September 4, 2002
Publish
[CV06]