**Doris M. WILLIAMS, Appellant,**

v.

**BANK ONE, TEXAS, N.A., Mazda Motor of America, Inc., & Waco Mazda Subaru of Waco, Texas, Appellees.**

No. 10–99–077–CV.

Court of Appeals of Texas,
Waco.

Dec. 8, 1999.

cretion in doing so. *See Rochelle v. State,* 791 S.W.2d 121, 124–25 (Tex.Crim.App.1990).

Doris M. Williams, Waco, pro se.

Colton P. Johnson, Albany, Robbi B. Hull, Vinson & Elkins, Austin, David N.

Deaconson, Pakis, Giotes, Beard & Page, Waco, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Bank One, Texas, N.A., ("Bank One") filed suit against Doris M. Williams to recover monies due and owing on a note Williams executed in connection with her purchase of an automobile from Waco Mazda Subaru of Waco, Texas ("Waco Mazda"). Williams filed a general denial and asserted counterclaims against Bank One for deceptive trade practices, breach of contract, and breach of warranty. Williams also asserted these claims against Waco Mazda and Mazda Motor of America, Inc., (collectively, the "Mazda defendants") as third-party defendants. Bank One filed a motion for summary judgment alleging its entitlement to judgment as a matter of law on the note and arguing that there is no evidence to support any of Williams's counterclaims. *See* Tex.R. Civ. P. 166a(c), (i). The court granted Bank One's motion and rendered judgment that Bank One recover the amounts due on the note together with interest, attorney's fees, and court costs. The summary judgment also decrees that Williams take nothing with respect to her counterclaims against Bank One or her third-party claims against the Mazda defendants.

Williams claims in three points of error that the court erred: (1) "in granting the motion for summary judgment"; (2) by permitting her attorney to withdraw from the case; and (3) by sustaining Bank One's objections to her summary judgment evidence.

## BACKGROUND

Williams purchased a 1995 Mazda Protegé from Waco Mazda in September 1995. She executed a secured note in favor of Waco Mazda for the purchase of the car.

Pursuant to the terms of the security agreement, Waco Mazda assigned the note to Bank One. Williams has apparently never made a payment on the note. In February 1997, Bank One filed suit to recover the monies due and owing under the note.

Williams, by and through counsel, answered Bank One's suit in September. She generally denied Bank One's allegations. She then asserted counterclaims against Bank One alleging that under the terms of the note Bank One is subject to any claims or defenses she has against Waco Mazda. She raised counterclaims against Bank One and third-party claims against the Mazda defendants for DTPA violations, breach of contract, and breach of warranty.

Waco Mazda filed a general denial and a special denial in which it asserts that Williams is estopped from recovering on her breach of warranty claim because she did not first notify Waco Mazda of the alleged breach and give it opportunity to honor the warranty, if any exists. Mazda Motor of America, Inc. ("Mazda Motor") filed a general denial.

Bank One answered Williams's counterclaims with, among other allegations, a general denial, special denials, and an affirmative denial asserting that Bank One is not liable for any sum in excess of the amounts actually paid on the note by Williams. Bank One relies on the federal holder-in-due-course rule and the terms of the note to support this affirmative defense. *See* 16 C.F.R. § 433.2 (1999).

On September 4, 1998, Williams's counsel filed a motion to withdraw alleging that Williams had failed to comply with the terms of her agreement with counsel by failing to pay costs. Bank One filed its motion for summary judgment on September 23. The court granted counsel's motion to withdraw six days later.

Bank One proved up the note and the balance due thereon in its motion for summary judgment. Bank One did so by attaching a business-records affidavit with a copy of the note appended and by attaching an affidavit of counsel as to attorney's fees. In addition to proving up the business-records exception to the hearsay rule for the note, the custodian of records for Bank One stated in her affidavit the amount then due on the note and the interest rate. Bank One also incorporated a no-evidence summary judgment claim in the motion as to Williams's counterclaims for DTPA and breach of contract or warranty.

Williams did not challenge Bank One's proof regarding the note or the balance due thereon in her response. Instead, she argued that a material fact issue remains on her counterclaims. Specifically, Williams asserted that she had a lemon-law complaint pending before the Texas Motor Vehicle Commission the resolution of which would establish that Waco Mazda had breached its warranty on the car. *See* TEX.REV.CIV. STAT. ANN. art. 4413(36), § 6.07 (Vernon Supp.2000). Williams further argued that granting Bank One's motion before the resolution of her lemon-law claim would allow Bank One to circumvent the intent of the lemon-law statute.

To support her response to the summary judgment motion, Williams attached several unverified and unauthenticated documents: (1) a copy of a letter she wrote to Mazda Motor in March 1997; (2) her "Original Answer, Counterclaim, and Third Party Claim" filed in this suit; (3) a copy of a letter her former counsel wrote to Mazda Motor, Waco Mazda, and Bank One in September 1997; (4) a copy of a letter the Motor Vehicle Commission mailed to Williams and Mazda Motor in October 1997 setting her lemon-law claim for a hearing; (5) a copy of the lemon-law complaint she filed against Mazda Motor; and (6) a recall notice she purportedly received from Mazda Motor concerning her car. Williams also included an affidavit which reads in part as follows:

I purchased a 1995 Mazda Protege from Waco Mazda and I experienced many problems with the Vehicle. I

found out that many of the problems that I was encountering was due to a recall on the vehicle. I attempted numerous times to get the dealership to fix or replace my car. Finally, after numerous attempts to get my car problems corrected, I filed a claim under the Texas Lemon Law against Waco Mazda.

This car is defective and I believe that I will be refunded all my monies, damages and costs of court due to the defects in this vehicle when the Texas Department of Transportation has it's final hearing.

Bank One filed written objections to Williams's summary judgment proof on October 21. Bank One generally objected that the documents attached to Williams's response were not properly authenticated and constituted hearsay. Bank One objected that Williams's answer to the lawsuit was not competent summary judgment evidence. Finally, Bank One objected to various portions of Williams's affidavit on the basis of hearsay, lack of personal knowledge, conclusory statements, and Williams's failure to "identify the car in the affidavit as the one on which this suit is based."

The court originally set Bank One's summary judgment motion for hearing on October 23. Williams filed three motions for continuance in October, citing a lack of counsel each time. The hearing on Bank One's summary judgment motion was rescheduled to October 30 and then to December 4.[1] Williams filed a fourth motion for continuance on December 2, again citing a lack of counsel. She filed a fifth motion for continuance on December 30,

asking the court to delay its ruling until the Motor Vehicle Commission decided her lemon-law claim, which the Commission heard on December 18.

The court heard Bank One's motion on December 4. The court signed its decree granting the motion on February 17, 1999.

## WITHDRAWAL OF COUNSEL

Williams argues in her second point that the court erred by permitting her counsel to withdraw six days after Bank One filed its motion for summary judgment. Williams contends this is error because counsel did not have good cause for the withdrawal and because counsel failed to adequately notify her of any pending settings.[2]

Rule of Civil Procedure 10 governs the withdrawal of counsel in civil cases. *See* TEX.R. CIV. P. 10. Rule 10 permits counsel to withdraw only upon written motion showing good cause. *Id.* If no counsel is substituting for the withdrawing attorney, counsel's motion must state "that a copy of the motion has been delivered to the party; that the party has been notified in writing of his right to object to the motion; whether the party consents to the motion; the party's last known address and all pending settings and deadlines." *Id.*

Counsel's motion states in pertinent part:

This Motion is based upon good cause in that Plaintiff has failed to meet the terms of her agreement with O'Connell, Van Shellenbeck & Land, including her obligation for payment of costs. A copy of this motion has been delivered to

---

1. The record does not reflect whether the hearing was rescheduled either time because of Williams's motions. The record contains no "order" granting or denying any of Williams's requested continuances. Rather, the two postponements noted appear in the record via letters written by Bank One's counsel to the district clerk confirming that the hearing had been rescheduled in each instance.

2. Williams also contends that counsel failed to promptly provide her with a copy of the papers in her file. However, counsel's duty to provide such copies does not arise until the representation is terminated. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15(d), *reprinted in* TEX. GOV'T CODE ANN. , tit. 2, subtit. G app. A (Vernon Supp.2000) (TEX. STATE BAR R. art. X, § 9). Thus, the alleged delay in providing these copies has no bearing on the propriety of the trial court's decision to permit the withdrawal.

Plaintiff at P.O. Box 20211, Waco, Texas 76702, and we are unaware of any objection by Plaintiff to the withdrawal.

■ There are no pending motions or deadlines in this case.

The motion fails to comply with Rule 10 because it does not state that counsel informed Williams in writing of her right to object to the withdrawal. *Id.*

■ A trial court abuses its discretion when it grants a motion to withdraw which does not comply with "the mandatory requirements of Rule 10." *Moss v. Malone,* 880 S.W.2d 45, 51 (Tex.App.—Tyler 1994, writ denied) (op. on reh'g). However, the court can render such error harmless by giving "the party time to secure new counsel and time for the new counsel to *investigate* the case and *prepare* for trial." *Id.* (quoting *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986)).

In this case, the court originally scheduled the hearing on Bank One's motion for summary judgment for October 23. The court ultimately rescheduled the matter for December 4, forty-two days later.

■ Because the trial court gave Williams an additional forty-two days in which to secure new counsel and prepare for the summary judgment hearing, we conclude Williams was not harmed by any deficiencies in counsel's motion to withdraw. *See Holt v. D'Hanis State Bank,* 993 S.W.2d 237, 240 (Tex.App.—San Antonio 1999, no pet. h.). Accordingly, we overrule Williams's second point.

### DENIAL OF CONTINUANCE

Williams's third point is closely related to her second. She contends in her third point that the court erred in sustaining Bank One's objections to her summary judgment evidence "after being informed that [she] had not received her file from her former counsel." She does not challenge the validity of the objections. Rather, she suggests that she was unable to cure the defects because she did not have the file. Because Williams does not chal-

lenge the validity of Bank One's objections, her complaint actually lies with the trial court's denial of her December 2 motion for continuance. *See* Tex.R.App. P. 38.1(e), 38.9 (directing appellate courts to liberally construe briefs and address every issue fairly included within a point presented for review).

Bank One first responds that Williams has failed to preserve error because she did not obtain a ruling on her motion for continuance. Bank One relies on *Lynch v. Bank of Dallas* and appellate rule 33.1 for this proposition. 746 S.W.2d 24 (Tex. App.—Dallas 1988, writ denied); Tex. R.App. P. 33.1. In *Lynch,* the court held that the appellant failed to preserve any error in the court's refusal to rule on his motion for continuance because he did not object to the court's failure to rule. *Lynch,* 746 S.W.2d at 24–25. The court relied solely on former appellate rule 52(a) for this holding. *See* Tex.R.App. P. 52(a), 49 Tex. B.J. 573 (Tex.1986, amended 1997).

Rule 33.1 differs in one significant respect from its predecessor, rule 52(a). Under the former rule, if the trial court failed to *expressly* rule on a party's motion, that party must have objected to the court's refusal to rule to preserve error. *See* Tex.R.App. P. 52(a), 49 Tex. B.J. 573 (Tex.1986, amended 1997). Under rule 33.1 however, the court's implicit ruling on a motion will suffice to preserve error. *See* Tex.R.App. P. 33.1(a)(2)(A). Therefore, we conclude that Bank One's reliance on *Lynch* is misplaced.

■ In this case, Williams filed her motion for continuance two days before the hearing. The judgment recites that Williams appeared at the hearing. It seems highly unlikely that Williams abandoned her request for a continuance two days after she filed it. Accordingly, we conclude that the trial court's granting of Bank One's summary judgment creates an inference that the court implicitly overruled Williams's motion for continuance. *See Frazier v. Khai Loong Yu,* 987 S.W.2d

607, 610 (Tex.App.—Fort Worth 1999, pet. denied). Therefore, we hold that Williams has preserved error with respect to the propriety of the court hearing Bank One's objections to her summary judgment proof.

■■ We will not disturb a trial court's grant or denial of a continuance requested because of a lack of counsel absent a clear abuse of discretion. *Villegas*, 711 S.W.2d at 626. An abuse of discretion is shown when a court permits counsel to withdraw and does not "give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial." *Id.; accord Holt*, 993 S.W.2d at 240; *Moss*, 880 S.W.2d at 50.

In *Villegas*, the trial court granted counsel's motion to withdraw (alleging only irreconcilable differences) two days before trial. Villegas appeared for trial without counsel and asked for a continuance because:

- he had learned of counsel's intention to withdraw only six days earlier;
- counsel had refused to turn over his file until he paid his bill;
- he had located new counsel to represent him, but counsel would not take the case until he reviewed the file; and
- the new counsel had called the former counsel for the file but his call was not returned.

*Villegas*, 711 S.W.2d at 625–26. The trial court refused Villegas's request for a continuance. *Id.* at 626. The court heard the case without a jury and rendered judgment against Villegas. *Id.* The Supreme Court held that the court abused its discretion because counsel's withdrawal was not due to any fault or negligence on Villegas's part and because Villegas did not have adequate time to secure new counsel or prepare for trial. *Id.* at 626.

In *Moss*, the trial court permitted counsel to withdraw and set the case for a bench trial seventeen days later. *Moss*, 880 S.W.2d at 46. Moss appeared on the day of trial and informed the court that she had retained new counsel but needed more time to prepare for trial. The court called this counsel's office, and counsel advised the court that he had not yet decided whether he would represent her. The court rescheduled the trial twenty-eight days later. Moss reappeared at this new setting and told the court her new counsel could not attend on that date. She requested an additional thirty days, which the court denied. *Id.* at 46–48.

The appellate court held that the trial court abused its discretion in permitting counsel to withdraw without giving Moss "meaningful time ... to find new counsel and prepare for trial." *Id.* at 51. The court based this decision on the fact that Moss had only seventeen days to obtain new counsel, obtain a continuance, and then prepare for trial within twenty-eight additional days. *Id.* The court noted, "If the trial court had given Appellant fifty-seven straight days to 'secure new counsel to investigate the case and prepare for trial' then the equities would be significantly altered." *Id.*

In *Holt*, the trial court granted counsel's motion to withdraw then rescheduled a summary judgment hearing for thirty-seven days later. *Holt*, 993 S.W.2d at 240. Holt did not request a continuance of the rescheduled hearing. *Id.* The appellate court held that because Holt had more than thirty days to hire new counsel, the trial court did not err in hearing the summary judgment motion thirty-seven days after permitting counsel to withdraw. *Id.*

■ The court gave Williams thirty-five days after the second continuance to obtain counsel and prepare for the hearing on Bank One's motion for summary judgment. Williams's December 2 continuance motion did not identify any counsel whom she had attempted to retain. This makes her case different from Villegas's and Moss's. To show her diligence in securing new counsel, she should have identified any counsel who refused to accept her case

until the documents in her file could be reviewed. *Cf. Villegas,* 711 S.W.2d at 626; *Moss,* 880 S.W.2d at 46–48.

Under the facts of this case, we conclude that Williams has failed to show a clear abuse of discretion in the denial of her December 2 motion for continuance. *See Villegas,* 711 S.W.2d at 626. Accordingly, we overrule her third point.

## BREADTH OF DECREE

■■■ A trial court cannot grant summary judgment for a party which has not filed a motion therefor. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984) (op. on reh'g); *Qualia v. Qualia,* 878 S.W.2d 339, 340 (Tex.App.—San Antonio 1994, writ denied) (op. on reh'g); *Hinojosa v. Hinojosa,* 866 S.W.2d 67, 70 (Tex.App.—El Paso 1993, no writ). The Mazda defendants did not file a motion for summary judgment. Thus, the court erred in rendering a summary judgment in their favor. *Id.* However, Williams does not argue that the court erred in this regard.[3] Accordingly, this issue is not before us. *See Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex.1990) (per curiam); *Howell v. Mauzy,* 899 S.W.2d 690, 706 n. 34 (Tex.App.—Austin 1994, writ denied).

■■■ A similar argument could be made that, because the judgment does not prop-

erly dispose of all parties to the suit, it is interlocutory and not appealable. *See Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex. 1993); *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 551, 324 S.W.2d 200, 200 (1959) (per curiam). However, because the judgment on its face "clearly evidences the trial court's intent to dispose of all claims" and all parties, we must treat it as a final judgment for purposes of this appeal. *Mafrige,* 866 S.W.2d at 592; *accord Bandera Elec. Coop., Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (Tex.1997) (per curiam).[4]

## PROPRIETY OF SUMMARY JUDGMENT

Williams avers in her first point that the court erred in granting summary judgment because the no-evidence portion of Bank One's motion failed to specifically identify the elements of her counterclaims on which there is no evidence and because she raised material fact issues on the counterclaims.

This Court has determined that a no-evidence summary judgment motion under Rule of Civil Procedure 166a(i) should be made without presenting evidence to support the motion. *Ethridge v. Hamilton County Elec. Coop. Ass'n,* 995 S.W.2d 292, 295 (Tex.App.—Waco 1999, no pet.). Ac-

---

3. Williams's first point is broad enough to raise such an argument. She states in her first point, "The trial court erred in granting the motion for summary judgment." "[S]uch language is sufficient to preserve error and to allow argument as to all possible grounds upon which summary judgment should have been denied." *Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930, 930–31 (Tex.1996) (citing *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970)). However, Williams argues only that the court erred in granting summary judgment because the no-evidence portion of Bank One's motion failed to specifically identify the elements of her counterclaims on which there is no evidence and because she raised material fact issues on her counterclaims. Williams's brief does not challenge the court's authority to grant the Mazda defendants a summary judg-

ment they did not request. Thus, that issue is not before us. *See Pena v. State Farm Lloyds,* 980 S.W.2d 949, 959 (Tex.App.—Corpus Christi 1998, no pet.) (argument not raised under *Malooly* point not properly presented for review); *Morriss v. Enron Oil & Gas Co.,* 948 S.W.2d 858, 871 (Tex.App.—San Antonio 1997, no writ) (same).

4. The language of the decree meets even the more exacting post-*Mafrige* standards of some courts of appeals which have required more than a mere Mother Hubbard clause to make a partial summary judgment appealable. *See, e.g., Rodriguez v. NBC Bank,* 5 S.W.3d 756, 761–64 (Tex.App.—San Antonio 1999, no pet. h.); *Lowe v. Teator,* 1 S.W.3d 819, 823–24 (Tex.App.—Dallas 1999, no pet. h.); *Hervey v. Flores,* 975 S.W.2d 21, 24–25 (Tex.App.—El Paso 1998, pet. denied).

cordingly, we generally treat a summary judgment motion filed with supporting evidence as a traditional motion for summary judgment. *See id.*

In this case, Bank One filed a dual motion. The first portion of the motion addresses Bank One's suit against Williams to collect on the note.[5] The second portion of Bank One's motion addresses Williams's counterclaims. In the motion, Bank One states:

> BOT moves for summary judgment on all claims brought by Doris M. Williams on the ground that there is no evidence of one or more essential elements of her claims and defenses, on which she would have the burden of proof at trial. After thorough discovery, there is no evidence of claims or defenses to the Note, deceptive trade practices, breach of contract, breach of warranty, producing cause or proximate cause.

Bank One offered no summary judgment evidence to support this portion of its motion. Because Bank One clearly segregated the no-evidence portion of its motion from the remainder of the motion, we conclude that this portion of the motion may be properly referred to as a no-evidence motion. *See Grant v. Southwestern Elec. Power Co.*, 998 S.W.2d 383, 387–88 (Tex. App.—Texarkana 1999, no pet. h.).

■ Williams failed to object to the form of Bank One's motion in her written response to the motion or in any other pleading. Accordingly, we conclude that she has failed to preserve her complaint that the motion fails to specifically identify the essential elements of her counterclaims on which there is no evidence. *See Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex.1978); *University of*

*Tex. v. Joki*, 735 S.W.2d 505, 507 (Tex. App.—Austin 1987, writ denied); Tex. R.App. P. 33.1(a)(1)(A).

Rule 166a(i) provides in pertinent part that the trial court "must" grant a no-evidence summary judgment motion "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex.R. Civ. P. 166a(i). The trial court sustained Bank One's objections to Williams's summary judgment evidence.[6] Therefore, Williams did not produce any summary judgment evidence in response to Bank One's motion. As a result, the court had no discretion but to grant Bank One's no-evidence motion on Williams's counter-claims. *See id.*

Accordingly, we overrule Williams's first point.

We affirm the judgment.

---

5. Bank One supported this portion of its motion with summary judgment evidence relating to the note, the amount due on the note at the time, and the interest rate. This constitutes sufficient evidence to establish its entitlement to judgment on the note. *See Stucki v. Noble*, 963 S.W.2d 776, 782 (Tex.App.—San Antonio 1998, pet. denied); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 719–20 (Tex.

App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Williams does not challenge the court's ruling in this regard. Rather, she challenges the court's judgment that she take nothing by her counterclaims.

6. As previously stated, Williams does not challenge this ruling.