Paul earl Dorsey v. Johnson and Missildine
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-025-CV

     PAUL EARL DORSEY,
                                                                         Appellant
     v.

     GARY L. JOHNSON
     AND JOE MISSILDINE,
                                                                         Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # COT-99-32530
                                                                                                                
                                                                                                         
 MEMORANDUM OPINION
                                                                                                                

      Paul Dorsey was being held by the Texas Department of Criminal Justice, Institutional
Division in a Coryell County prison, the Hughes Unit, on an eighteen-year sentence from Harris
County for burglary of a building. He sued two employees of the Department, Gary L. Johnson
and Joe Missildine, under section 1983 of title 42 of the United States Code, seeking monetary
damages due to a change in his classification as a prisoner that would affect the rate at which he
will accumulate “good-time credit.” The employees sought a summary judgment, which the court
granted. On appeal, Dorsey asserts three issues: (1) he is entitled to judgment “as a matter of
law” on his motion for summary judgment; (2) the employees did not establish their right to a
summary judgment; and (3) his due-process rights were violated during the telephone conference
hearing on the motions for summary judgment.
STANDARD OF REVIEW FOR SUMMARY JUDGMENT
      We first note that the employees’ second (amended) motion for summary judgment was styled
a “no-evidence” motion under Rule 166a(i) of the Rules of Civil Procedure. Tex. R. Civ. P.
166a(i). However, they supported their motion with summary judgment evidence in the form of
a “Disciplinary Hearing Record” and Dorsey’s Motion for Full Discontinuance. Thus, following
our prior decisions, we will review their motion under the standards for a traditional motion. See
Williams v. Bank One, Texas, N.A., 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.)
(“[W]e generally treat a summary judgment motion filed with supporting evidence as a traditional
motion for summary judgment.”).



      The standards for reviewing a summary judgment are well established. Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing that no
genuine issue of material fact exists and that he is entitled to the summary judgment as a matter
of law. Id. The reviewing court must accept all evidence favorable to the non-movant as true. 
Id. at 548-49. Every reasonable inference must be indulged in favor of the non-movant and all
doubts resolved in his favor. Id. at 549. We review the grant of a summary judgment de novo. 
Rucker v. Bank One, 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. denied).
      When competing motions for summary judgment are filed, the appellate court can "determine
all questions presented, and may reverse the trial court judgment and render such judgment as the
trial court should have rendered, including rendering judgment for the other movant." Jones v.
Strauss, 745 S.W.2d 898, 900 (Tex. 1988); see also Tobin v. Garcia, 316 S.W.2d 396, 400 (Tex.
1958). Accordingly, we will first address Dorsey’s second issue, i.e., whether the court properly
granted summary judgment in favor of the employees. Only if we decide that summary judgment
was improper will we consider whether Dorsey established that he is entitled to a summary
judgment.
WAS THE SUMMARY JUDGMENT PROPER?
      Dorsey’ second issue asserts that the employees did not establish their right to the summary
judgment—a Malooly point. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 
Although the trial court specified that it was granting a “no-evidence” summary judgment, we
review the grant of a summary judgment motion de novo and, under the decisions of this court
cited above, in the manner in which the trial court should have considered the motion.


 See
Williams, 15 S.W.3d at 116. We may not consider any grounds not expressly presented to the
court in the written motion for summary judgment. McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 339-41 (Tex. 1993).
      The employees’ first ground for summary judgment is dispositive: Dorsey’s claims (for
monetary damages) cannot be maintained under 42 U.S.C. § 1983. In 1973, the Supreme Court
decided that a prisoner cannot use section 1983 to recover good-time credits lost in a prison
disciplinary proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36
L.Ed.2d 439 (1973). The court left open the question of recovery of monetary damages, the only
remedy Dorsey’s petition seeks. But in 1994, the Court decided that a claim for damages that
would render a “conviction” invalid when the conviction has not been otherwise invalidated is not
cognizable under section 1983. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct 2364, 2372,
129 L.Ed.2d 383 (1994). “Conviction” includes a ruling in a disciplinary proceeding that results
in loss of good-time credits. See Edwards v. Balisok, 520 U.S. 641, 644-49, 117 S.Ct. 1584,
1587-89, 137 L.Ed.2d 906 (1997); see also DeWalt v. Carter, 214 F.3d 606, 615 (7th Cir. 1999)
(noting that Edwards extended the Heck rule to section 1983 claims for damages challenging the
loss of good-time credits in prison disciplinary actions). Based on these decisions, we find that
the court properly granted the summary judgment. As a result, it would have been improper to
grant Dorsey’s. We overrule issues one and two.
TELEPHONE CONFERENCE ON MOTIONS
      The court permitted Dorsey to participate in the hearing on the summary judgment motions
by telephone from the prison. His third issue complains that the “appellees conspired with co-officials before time” to position him in a hallway that was so noisy due to a shift-change taking
place that his attention was distracted.
      His complaint in this instance is about the prison officials, not the trial court. Acts of the
prison officials are not before us. The issue is overruled.
CONCLUSION
      Because the trial court properly granted the employee-defendants’ motion for summary
judgment, we affirm it.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurring)
Affirmed
Opinion delivered and filed October 9, 2002
Do not publish
[CV06]