COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-073-CV

 

 

ANOCO MARINE INDUSTRIAL, INC.                                        APPELLANT

A/K/A ANOCO MARINE

INDUSTRIES, INC.

 

                                                   V.

 

PATTON
PRODUCTION

CORPORATION AND J.L. PATTON, JR.                                    APPELLEES

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an appeal from a declaratory judgment
action in which Appellees Patton Production Corporation and J.L. Patton, Jr. (APatton@) sought
and obtained a declaration that a promissory note Patton had made in favor of
Appellant Anoco Marine Industrial, Inc. had been paid in full.  In two issues, Anoco argues (1) that the
trial court abused its discretion by allowing its counsel to withdraw before
trial because the motion to withdraw did not comply with rule 10 and (2) that
the evidence is legally insufficient to establish that the note had been paid
in full.  We affirm.

                                            Background

Patton made a promissory note payable to Anoco
and secured by Patton=s interests in four gas
wells.  The parties also entered into a AConfidential
Banker/Purchaser Agreement,@ under
the terms of which Patton assigned an overriding royalty interest in the four
wells to Anoco.  The agreement provided
that when the promissory note had been paid by the overriding royalty
distributions, Anoco would reassign the overriding royalty interests to Patton.
Patton sued Anoco, alleging that the promissory note had been paid in full but
that Anoco refused to return the overriding royalty interests.

Anoco retained counsel and filed an answer.  The case was set for trial on November 12,
2007.  On September 27, 2007, Anoco=s
counsel filed a motion to withdraw, citing as cause irreconcilable differences
between Anoco and him.  The trial court
granted the motion on November 2, 2007,[2]
and later reset the case for trial on December 12, 2007.








The case was tried to the trial court on December
12.  Anoco was not represented by counsel
at trial.  After hearing evidence from
Patton, the trial court granted a declaratory judgment in Patton=s favor,
declaring, among other things, that all sums owed under the promissory note had
been paid.  Anoco retained new counsel
and filed this appeal.

                                       Motion
to Withdraw

Anoco argues that the trial court abused its
discretion by granting its former counsel=s motion
to withdraw because the motion did not contain a statement that Anoco had been
notified in writing of its right to object to the motion and a statement of
whether Anoco had consented to the motion as required by rule 10.  Patton concedes that the motion was defective
but argues that any error in granting the motion was harmless because Anoco had
ample time to retain new counsel before trial.








An attorney may withdraw from representing a
party only upon written motion for good cause shown.  TEX. R. CIV. P.
10.  If another attorney is not to be
substituted as attorney for the party, the motion shall state (1) that a copy
of the motion has been delivered to the party, (2) that the party has been
notified in writing of his right to object to the motion, (3) whether the party
consents to the motion, (4) the party=s last
known address, and (5) all pending settings and deadlines.  Id. 
The motion in this case did not state the second and third rule 10
elements.  A trial court abuses its
discretion when it grants a motion to withdraw that does not comply with the
mandatory requirements of rule 10.  Gillie
v. Boulas, 65 S.W.3d 219, 221 (Tex. App.CDallas
2001, pet. denied); Williams v. Bank One, Tex., N.A., 15 S.W.3d 110, 113
(Tex. App.CWaco 1999, no pet.).

However, such error may be harmless if the court
allows the party time to secure new counsel and time for the new counsel to
investigate the case and prepare for trial. 
Gillie, 65 S.W.3d at 221; Walton v. Canon, Short & Gaston,
23 S.W.3d 143, 149 (Tex. App.CEl Paso
2000, no pet.); Williams, 15 S.W.3d at 115.  In Gillie, the trial court granted a
defective motion to withdraw and, in the order granting the motion, also
removed the case from its then-current trial setting Afor a
reasonable time for Plaintiff to obtain new counsel.@  65 S.W.3d at 222.  The trial court tried the case almost four
months after the original setting, and the court of appeals held that the
length of the continuance rendered harmless the trial court=s error
in granting the motion.  Id.  Likewise, in Walton, the El Paso court
held that a delay in trial of fifty days rendered harmless any error arising
from the trial court=s granting a defective motion to
withdraw.  23 S.W.3d at 148B49.  In Williams, the Waco court held that
a delay in trial of forty-two days rendered such error harmless.  15 S.W.3d at 114.








In this case, the trial setting was postponed for
thirty days after the trial court granted the defective motion to withdraw.[3]  While this was less than the four months=, fifty
days=, and
forty-two days= postponements in the cases
cited above, we cannot say that it was not enough time for Anoco to secure new
counsel to investigate the case and prepare for trial.  Factoring into our decision is the relatively
simple nature of the case and the facts involved.  We also note that it appears from the record
that Anoco=s owner is an attorney, though
not licensed to practice in Texas, and that he attempted to represent Anoco at
trial but was not allowed to do so.  See,
e.g., Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA,
937 S.W.2d 455, 456 (Tex. 1996) (per curiam) (noting that a corporation may be
represented only by a licensed attorney).

We hold that the trial court abused its
discretion by granting a motion to withdraw that did not comply with rule 10,
but we further hold that the thirty-day postponement in the trial setting gave
Anoco ample time to retain new counsel; thus, the error was harmless.  We overrule Anoco=s first
issue.








                                  Sufficiency
of the Evidence[4]








Anoco argues that the evidence is legally
insufficient to show that the promissory note had been paid in full because one
of Patton=s trial exhibitsCa
transaction report concerning the noteCshows a
balance due of $2,778.01 on December 25, 2005. 
But in addition to the exhibit in question, Patton testified that the
note had been paid in full, and another exhibit comprising the well operator=s
records of production and payment indicate that the operator continued to make
royalty payments after December 2005. 
Applying the appropriate standard of review,[5]
we hold that Patton presented more than a scintilla of evidence to show that
the note was paid in full.  We overrule
Anoco=s second
issue.

                                             Conclusion

Having overruled both of Anoco=s
issues, we affirm the trial court=s
judgment.

PER CURIAM

 

PANEL: GARDNER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:  August 29, 2008











[1]See Tex. R. App. P. 47.4.





[2]No written order appears
in the record, but the docket sheet shows that the trial court granted the
motion.





[3]Patton argues that Anoco
had over seventy days to retain new counsel, counting from the date its former
counsel filed the motion to withdraw. 
But the cases cited above count the days that the trial was postponed
following the granting of the motion to withdraw, not the days between the
motion=s filing and trial, and
we will do likewise.





[4]Patton argues that Anoco
cannot challenge the sufficiency of the evidence because Anoco forfeited its
corporate existence by failing to pay the franchise tax.  Patton presented at trial certified records
from the Secretary of State showing that Anoco had forfeited its corporate
existence.  Section 171.252 of the tax
code provides that if the corporate privileges of a corporation are forfeited
for failure to pay the franchise tax, the corporation shall be denied the right
to sue or defend in a court of this state. 
Tex. Tax Code Ann. ' 171.252 (Vernon
2008).  But despite its clear language,
courts have historically limited the statute to prohibit defendants from
bringing cross actions, not from merely defending lawsuits.  See Midwest Mech. Contractors, Inc. v.
Commonwealth Const. Co., 801 F.2d 748, 752 (5th Cir. 1986); Bryan v.
Cleveland Sand & Gravel Co., 139 S.W.2d 612, 613 (Tex. Civ. App.CBeaumont 1940, writ ref=d).  Patton cites no authority for the proposition
that a forfeited corporation cannot challenge the sufficiency of the evidence
in an appeal from an adverse judgment. 
Therefore, we will address Anoco=s sufficiency issue on the merits.





[5]See City of Keller v.
Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005); Uniroyal Goodrich Tire Co. v. Martinez,
977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999)
(both setting out legal sufficiency standard of review).