ACCEPTED
12-14-0030-cv
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/24/2015 11:59:24 AM
CATHY LUSK
CLERK

**No. 12-14-00300-CV**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/24/2015 11:59:24 AM
CATHY S. LUSK
Clerk

# COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS TYLER, TEXAS

## IN THE ESTATE OF RODNEY JOE KNIGHT, DECEASED

**On Appeal from the County Court at Law,
Cherokee County, Texas, Cause No. 12025,
The Honorable Kelley D. Peacock, presiding**

## APPELLANT'S REPLY BRIEF

Bill Pedersen, III
Texas Bar No. 24030011
Email: bill@bpedlaw.com
2501 Oak Lawn Avenue
Suite 380, LB - 50
Dallas, Texas 75219
Tel. (214) 630-4554
Fax. (214) 630-9264
Attorney for Appellant,
Natosha Moore-Knight

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES.............................................................................3

RESPONSE TO APPELLEE'S BRIEF.......................................................4

PRAYER ...........................................................................................................7

CERTIFICATE OF COMPLIANCE...........................................................8

CERTIFICATE OF SERVICE .....................................................................8

## INDEX OF AUTHORITIES

Page

### CASES

*Williams v. Bank One, Texas, N.A.*,

15 S.W.3d 110 (Tex. App.-Waco 1999, no pet.) …………..…………..………4

### RULES

Tex. R. App. P. 9.4(i)(1) ......................................................................................8

Tex. R. App. P. 9.4(i)(2)(C)................................................................................8

Tex. R. Civ. P. 245.............................................................................................4

Tex. R. Civ. P. 252.............................................................................................4

Appellant seeks to respond to Appellee's Brief. Appellant will not repeat arguments or points raised and argued in Appellant's Brief, only address certain specific claims and arguments made by the Appellee.

Appellee seems to have two main points: (1) Appellant's Motion for Continuance was not ruled on, but if it was Appellant did not preserve error, and (2) the absence of any additional evidence being heard on the merits of this lawsuit are due to Appellant's lack of diligence.

## "NOSTRADAMUS" DEFENSE

The trial court in this case, following Appellant's urging of her Motion for Continuance, heard testimony. R.R. vol. 2, pp. 5-6. The Texas Rules of Appellate Procedure provide that a trial court may implicitly rule on a request, objection or motion. Tex. R. App. 33.1(a)(2)(A), *Williams v. Bank One, Texas, N.A.*, 15 S.W.3d 110 (Tex. App.-Waco 1999, no pet.). Appellant urged her Motion to Continue the hearing, the Court stated "I really feel like we need to hear this today," and testimony was heard. R.R. vol. 2, p. 5, lines 21-22. As discussed in Appellant's Brief, the trial court's denial was an abuse of her discretion, violated Texas Rules of Procedure 252 & 245, and denied Appellant due process.

Appellee then appears to argue that this Court should evaluate the trial court's January 7 denial in light of the entire procedural history of the case, *even*

*that which occurred after January 7.* This argument presumes the trial court to be clairvoyant. Appellant would note that the Appellee cites to no authority that would suggest that a denial of a motion to continue should be evaluated based on what occurs *after* the denial. Appellee is attempting to create a duty of post-denial diligence which does not exist.

APPELLEE'S OBSTRUCTION

Appellee is attempting to establish waiver, or a lack of diligence, on Appellant's part, in the period between the only evidentiary hearing in this case and the entry of the Judgment. Appellant does not believe that this argument has any real basis in law, but will respond to it without conceding its logical soundness or legal basis.

Appellant sought new counsel following the January 7 evidentiary hearing. Appellee was aware of this no later than May 19, 2014, when undersigned counsel filed a Motion for Substitution of Counsel. C.R. 99-103. Appellee opposed this substitution, and the Motion was not granted until August 13, 2014. C.R 183. Appellee's counsel refused to "forward any documents" related to the litigation until the Motion to Substitute was granted. C.R. 131. Despite this discourteous and unprofessional obstruction, undersigned counsel did his best to represent his client even before his substitution.

During this time period, when Appellee was fully aware that Appellant had new counsel, and refused to provide even a courtesy copy of any documents related to the litigation, Appellee filed his "Motion to Dismiss Claims in Will Contest." C.R. 104-104-109. This pleading asserted that the issue of informal marriage had been tried by consent during the January 7 hearing. Even before the trial court could hold a hearing on Appellant's Motion for Substitution, which Appellee insisted upon, Appellant filed both a Response and a Supplemental Response to this pleading. C.R. 143-163, 177-182. The Response noted the communication problems briefly described above, specially excepted to the Motion to Dismiss, and then addressed the merits of the Motion to Dismiss. C.R. 143-163. Specifically, Appellant noted that the trial court had not ruled on the question of informal marriage, and that no conventional trial on the merits had been held. *Id.* The Supplemental Response was filed following a telephonic hearing on July 31. C.R. 177. That was a conference held in chambers, and no record was made of that conference. It is inaccurate, if not deliberately misleading, for Appellee's Brief to state "The Appellant never complained or denied that the issue of informal marriage had been tried by consent on January 7, 2014 until this appeal." Appellee's Brief, page 7.

The point of this procedural history is to point out that undersigned counsel wasn't in the case until August 13, when the Court announced that it had already

finally decided the question of common law marriage. R.R. vol. 3, pp. 14-15, lines 22-6. No opportunity existed for the Appellant to request a hearing or an opportunity to present additional evidence, because Appellee wouldn't even "forward any documents" related to the case until the trial court granted Appellant's Motion to Substitute Counsel. C.R. 131. On the same date the trial court granted Appellant's Motion to Substitute, the trial court announced that the case was over.

Appellee's assertion that additional evidentiary hearings occurred is contrary to the record. The only time a witness was sworn, or anything other than lawyers' arguments were heard, was on January 7, 2014.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court will reverse the Judgment of the Trial court, and remand this case to that Court for further proceedings, so that Appellant may fairly litigate the existence of an informal marriage.

Respectfully submitted,

LAW OFFICE OF BILL PEDERSEN, III, PLLC

By: */s/ Bill Pedersen, III*
Bill Pedersen, III
Texas Bar No. 24030011
Email: bill@bpedlaw.com
2501 Oak Lawn Avenue
Suite 380, LB - 50

Dallas, Texas 75219
Tel. (214) 630-4554
Fax. (214) 630-9264
Attorney for Appellant
Natosha Moore-Knight

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(C) because it contains less than 7,500 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.  This brief complies with the typeface requirements of Texas Rule of Procedure 9.4(e) because this brief has been prepared in a proportionally spaced typeface using "Microsoft Word 2010" in fourteen (14) point "Times New Roman" style font.

*/s/ Bill Pedersen, III*
Bill Pedersen, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record via electronic filing on this 24th day of apRIL, 2015, as follows:

Wayne D. Haglund                           *By facsimile and electronic filing*
State Bar No. 08697500
Email: whaglund@haglundlaw.com
P.O. Box 713
107 West Kerr Avenue
Lufkin, Texas 75902
Tel. (936) 639-0007
Fax. (936) 639-0016
Attorney for Roy Knight

*/s/ Bill Pedersen, III*
Bill Pedersen, III