

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00161-CV

MICHAEL REYNOLDS                                          APPELLANT

V.

SW MCCART, L.L.C.                                          APPELLEE

----------

### FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 342-271846-14

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Michael Reynolds appeals the trial court's order granting the traditional and no-evidence motion for summary judgment filed by Appellee SW McCart, L.L.C. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

SW McCart owns the Sycamore Square shopping center in Fort Worth, Texas. Reynolds was working as a contractor building out the Dollar Tree store space in Sycamore Square when he fell off a ladder and was injured. Reynolds sued SW McCart; Dollar Tree, Inc.; Dollar Tree Stores, Inc.; and John Doe, alleging that the defendants owned, managed, or controlled the premises and were negligent in (1) creating an unreasonably dangerous hazard on the premises; (2) allowing an unreasonably dangerous hazard to exist on the premises; (3) failing to warn of the unreasonably dangerous hazard they had created or allowed to exist on the premises; (4) failing to correct the unreasonably dangerous hazard they had created or allowed to exist on the premises; (5) failing to properly inspect the premises for hazards; (6) failing to train their employees to inspect the premises and recognize unreasonably dangerous hazards; (7) failing to promulgate adequate safety regulations that would apply to the premises; (8) failing to implement or enforce appropriate guidelines, rules, policies, or procedures to ensure that the premises was in a safe condition; and (9) failing to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which they knew or in the exercise of ordinary care should have known.

SW McCart filed a traditional and no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(b), (c), (i). In the traditional portion of its motion, SW McCart argued that chapter 95 of the Texas Civil Practice and

2

Remedies Code precluded Reynolds's recovery. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 95.001–.004 (West 2011). Specifically, SW McCart argued that it was not liable to Reynolds because it did not exercise any control over Reynolds's work. *See id.* § 95.003 (precluding property owner's liability for injury to contractor unless owner exercises control over performance of the work and had actual knowledge of the danger or condition that resulted in the injury and failed to adequately warn). SW McCart asserted in the no-evidence portion of its motion that there was no evidence to support each element of Reynolds's negligence and premises liability claims, nor was there any evidence to support any of Reynolds's nine specific negligence allegations enumerated above.

In his summary-judgment response, Reynolds argued that SW McCart was not entitled to summary judgment based upon chapter 95 because it had not established as a matter of law that chapter 95 applied to it. Reynolds also objected to "the no-evidence portion of SW McCart's motion for summary judgment on the ground that an adequate time for discovery has not passed since SW McCart raised its new [chapter 95] affirmative defense. Additional time is required to conduct discovery on the elements of this defense." Reynolds did not argue that he needed additional time to conduct discovery in order to respond to SW McCart's no-evidence motion on Reynolds's negligence and premises liability claims, and he did not attach any evidence to his summary-judgment response.

3

The trial court granted SW McCart's motion without specifying the grounds upon which it relied and overruled Reynolds's objections. The trial court severed Reynolds's claim against SW McCart, thus making the trial court's order on SW McCart's motion for summary judgment final and appealable. This appeal followed.

## Analysis

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

Reynolds filed a response to SW McCart's motion, but he did not attach any summary-judgment evidence. Thus, he did not meet his burden to produce evidence raising a genuine issue of material fact as to any of the elements of his claims challenged by SW McCart. *See* Tex. R. Civ. P. 166a(i) (requiring "the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion."). Because Reynolds failed to satisfy his burden, the trial court was required to grant SW McCart's motion. *See*

4

*id.*; *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.) (holding that failure to produce summary-judgment evidence on challenged elements in response to no-evidence motion for summary judgment requires trial court to grant no-evidence motion); *see also Wass v. Farmers Tex. Cnty. Mut. Ins. Co.*, Nos. 2-05-036-CV, 2-05-124-CV, 2006 WL 1281037, at *2 (Tex. App.—Fort Worth May 11, 2006, no pet.) (mem. op.) (overruling party's issues challenging no-evidence summary judgment because party failed to produce any summary-judgment evidence in his response); *Sias v. Zenith Ins. Co.*, No. 08-02-00371-CV, 2003 WL 21197046, at *5 (Tex. App.—El Paso May 22, 2003, pet. denied) (mem. op.) (holding that trial court properly granted no-evidence motion for summary judgment because nonmovant failed to attach any summary judgment evidence to his response), *cert. denied*, 540 U.S. 1124 (2004).

In his second issue, Reynolds argues that the trial court abused its discretion by overruling his objection to the hearing on SW McCart's no-evidence motion based upon his need for additional discovery on the affirmative defense raised in SW McCart's traditional motion for summary judgment. *See* Tex. R. Civ. P. 166a(g), (i). Reynolds argues that he needed additional discovery to respond to SW McCart's no-evidence motion because SW McCart pled civil practice and remedies code chapter 95 as an affirmative defense for the first time in its amended answer, which it filed concurrently with its motion for summary judgment asking for summary judgment on those grounds. Reynolds claims he

5

needed to conduct discovery regarding whether SW McCart exercised any control over Reynolds's work and had actual knowledge of the danger or condition that resulted in his injuries. *See* Tex. Civ. Prac. & Rem. Code Ann. § 95.003.

Reynolds solely argued in his objection that he needed additional time to conduct discovery in order to respond to SW McCart's affirmative defense, which SW McCart raised in its traditional motion and not in its no-evidence motion challenging each and every element of Reynolds's negligence and premises liability claims. Because the trial court properly granted SW McCart's no-evidence motion for the reason that Reynolds failed to produce any evidence in response to SW McCart's no-evidence motion, we need not address whether the trial court erred in overruling Reynolds's objection based on chapter 95. *See* Tex. R. App. P. 47.1. And having determined that the trial court properly granted SW McCart summary judgment on no-evidence grounds, we need not address Reynolds's first issue arguing that the trial court erred by granting SW McCart's traditional motion for summary judgment based on civil practice and remedies code chapter 95. *See id.*; *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## Conclusion

Having concluded that the trial court properly granted SW McCart's no-evidence motion for summary judgment, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  June 25, 2015

7