

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00169-CV

———————————————

EMOLE ONUMA, INDIVIDUALLY AND ON BEHALF OF AKU AUTO
RECYCLING PARTS, Appellant

V.

MIKE SHALLENBERGER AND VECTRA 3, LLC, Appellees

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. DC30-CV2022-0777

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Emole Onuma appeals from the trial court's judgment for appellees Mike Shallenberger and Vectra 3, LLC (collectively, Vectra) in this commercial-lease dispute. In one issue, Onuma contends that the trial court abused its discretion by granting his counsel's defective motion to withdraw and not giving him more time to find new counsel before trial. We affirm the trial court's judgment.

## I. Background

Onuma leased real property from Vectra to operate an automotive-recycling business. The parties later negotiated a lease amendment after Onuma fell behind on his rent. That amendment specified that Onuma would write a check for $10,000 to pay down the balance due and that the lease would terminate immediately if the check bounced. Onuma wrote the check, and it bounced. Vectra notified Onuma that he had defaulted on the lease and gave him 11 days to vacate the premises.

Onuma then sued Vectra and certain of his former employees for various claims, alleging that the defendants had stolen cars and equipment from the property and that Vectra unlawfully locked him out of the property. Vectra answered and filed a counterclaim for breach of contract, seeking unpaid rent, additional lease charges, late fees, and attorney's fees. Onuma answered Vectra's counterclaims, and the trial court issued an agreed scheduling order, setting trial for April 2023 with a pretrial conference on April 3, 2023.

Vectra moved for no-evidence summary judgment on Onuma's claims. Two-and-a-half weeks later, Onuma's counsel filed a motion to withdraw, asserting that Onuma had not paid his legal fees. Vectra immediately filed an opposition, noting that the summary-judgment hearing was only nine days away. The trial court did not rule on the withdrawal motion, and Onuma's counsel filed a second withdrawal motion after the summary-judgment hearing. The second motion specifically alleged that Onuma had not paid "legal fees aggregating over $11,096.40 for over 248 days." It further noted Vectra's opposition to the earlier motion, pointing out that counsel had since filed Onuma's summary-judgment response, "for which [his] counsel [had] also not been paid," and that the parties were awaiting the trial court's summary-judgment ruling. The second withdrawal motion indicated that Onuma opposed the motion, but it did not indicate whether Onuma had been notified of his right to object.

The trial court granted Vectra's summary-judgment motion, and Vectra announced ready for trial on its counterclaim "for the jury weeks of April 10, 2023[,] and April 24, 2023." The trial court granted Onuma's counsel's second withdrawal motion on March 13, 2023. The pretrial conference was held on April 3, 2023, as scheduled. Only Vectra's counsel attended the conference, at which the trial court announced that trial had been set for "the week of April 24th."

Trial started on April 24th with only Vectra's counsel attending. After Vectra began putting on evidence, Onuma appeared pro se, and the trial court permitted him to cross-examine Vectra's witness and put on his own evidence. After closing

3

arguments, the trial court issued an oral ruling that it would award Vectra $68,860.06 on its breach-of-contract counterclaim and that Onuma would take nothing on his claims. The trial court issued a written judgment consistent with this pronouncement, and this appeal followed.

## II. Discussion

In his sole issue, Onuma contends that the trial court abused its discretion by allowing his counsel to withdraw on a defective motion 42 days before trial. Onuma specifically points out that his counsel's second withdrawal motion failed to indicate whether Onuma had been informed in writing that he could object to the motion, as required by Texas Rule of Civil Procedure 10. *See* Tex. R. Civ. P. 10. Onuma argues that he was harmed by this defect and by the trial court's failure to grant him additional time to find new counsel.[1] Vectra denies any defect and argues that Onuma had enough time to find new counsel before trial.

---

[1]Although not included in his stated issue, Onuma cites Texas Disciplinary Rule of Professional Conduct 1.15(b)(6) and contends that the withdrawal motion also failed to explain how his failure to pay legal fees rendered further representation "an unreasonable financial burden on the lawyer." *See* Tex. Disciplinary Rules Prof'l Conduct 1.15(b)(6) (except as otherwise required, "a lawyer shall not withdraw from representing a client unless . . . the representation will result in an unreasonable financial burden on the lawyer"). But he fails to cite any authority requiring his counsel's withdrawal motion to explain how his failure to pay "$11,096.40 [in legal fees] for over 248 days" would do so. Thus, he waived the issue. *See* Tex. R. App. P. 38.1(f), (i). Regardless, Onuma admits that his counsel's "continued representation might well have been 'an unreasonable financial burden,'" and his counsel's failure to address this burden was harmless.

4

We review the trial court's ruling on an attorney's withdraw motion for abuse of discretion. *Reule v. M & T Mortg.*, 483 S.W.3d 600, 615 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). "An attorney may withdraw from representing a party only upon written motion for good cause shown." Tex. R. Civ. P. 10. If no counsel is substituting, a withdrawal motion must state (1) that a copy of the motion has been delivered to the party, (2) that the party has been notified in writing of his right to object to the motion, (3) whether the party consents to the motion, (4) the party's last known address, and (5) all pending settings and deadlines. *Id.* A trial court abuses its discretion when it grants a defective withdrawal motion. *Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 2-08-073-CV, 2008 WL 4052927, at *1 (Tex. App.—Fort Worth Aug. 29, 2008, no pet.) (per curiam) (mem. op.); *Gillie v. Boulas*, 65 S.W.3d 219, 221 (Tex. App.—Dallas 2001, pet. denied); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 113 (Tex. App.—Waco 1999, no pet.).

The second withdrawal motion did not address Onuma's right to object.[2] Vectra nonetheless argues that the motion was compliant because it noted Onuma's opposition, demonstrating that Onuma knew that he could object. But Vectra does not explain this logical leap, and Rule 10 expressly requires withdrawal motions to address *both* the right to object and the party's consent. Tex. R. Civ. P. 10. With good reason—

---

[2]The first withdrawal motion included a right-to-object notice. But neither party addresses whether this affected the second motion's compliance with Rule 10. We, too, do not address it. Tex. R. App. P. 47.1.

5

a sufficiently specific and "timely request, objection, or motion" will preserve a complaint for appeal, Tex. R. App. P. 33.1(a), but a party's opposition to a withdrawal motion will not, *see, e.g.*, *Ennadi v. Ennadi*, No. 01-21-00252-CV, 2023 WL 105109, at *3 (Tex. App.—Houston [1st Dist.] Jan. 5, 2023, pet. denied) (mem. op.) (holding that appellant who did not consent to his counsel's withdrawal motion failed to preserve error by not objecting at the withdrawal hearing); *Aduli v. Aduli*, 368 S.W.3d 805, 818 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that appellant who opposed his counsel's withdrawal motion failed to preserve timing error because he did not specifically object to the withdrawal's timing and "request time to obtain new counsel"). Thus, the second withdrawal motion was defective, and the trial court abused its discretion by granting it. *See Gillie*, 65 S.W.3d at 221.

This error was harmless, though, if the trial court allowed Onuma sufficient time to secure new counsel and for that counsel to investigate the case and prepare for trial. *See Anoco Marine*, 2008 WL 4052927, at *2; *Gillie*, 65 S.W.3d at 221; *Walton v. Canon, Short & Gaston*, 23 S.W.3d 143, 149 (Tex. App.—El Paso 2000, no pet.); *Williams*, 15 S.W.3d at 115. Without explanation, Onuma asserts that the 42 days between the withdrawal order and the trial were insufficient. We disagree.

Onuma acknowledges that several courts, including this one, have found harmless error on facts like those at issue here. He nonetheless argues that these cases do not apply because the trial court in each case granted an extension, and no extension was granted here. But Onuma did not request an extension. Regardless, the question is

6

only whether Onuma had sufficient time to find new counsel and prepare for trial on Vectra's breach-of-contract counterclaim. *See Anoco Marine*, 2008 WL 4052927, at \*2. These cases illustrate that he did.

In *Gillie*, counsel for the plaintiff in a medical-malpractice suit filed a defective withdrawal motion one month before trial, citing a conflict. *Gillie*, 65 S.W.3d at 220. The trial court granted the defective motion, reset the trial "for a reasonable time for Plaintiff to obtain new counsel," and tried the case four months later. *Id.* at 222. In *Walton*, counsel for the defendant in a suit on sworn account for unpaid legal fees also filed a defective withdrawal motion one month before trial, citing health issues. *Walton*, 23 S.W.3d at 147. The defendant appeared at trial pro se and made an oral motion for continuance. *Id.* The trial court granted the motion and continued the trial for 50 days. *Id.* In *Williams*, counsel for the defendant in a suit arising from an unpaid car loan filed a defective withdrawal motion, citing unpaid legal fees. *Williams*, 15 S.W.3d at 112. The trial court granted the motion six days after the plaintiff filed its summary-judgment motion. *Id.* The defendant filed several motions for continuance, and the trial court delayed the summary-judgment hearing for 42 days. *Id.* at 113–14. Finally, in *Anoco Marine*, counsel for the plaintiff in a declaratory-judgment action concerning a promissory note filed a defective withdrawal motion 46 days before trial, citing irreconcilable differences. *Anoco Marine*, 2008 WL 4052927, at \*1. Ten days before trial, the trial court granted the motion and delayed trial by 30 days. *Id.*

7

The defective withdrawal motion in each case failed to address the right-to-object notice, if not more of Rule 10's requirements. *See Gillie*, 65 S.W.3d at 221 (noting that the withdrawal motion failed to address the party's right to object and failed to state all pending deadlines and settings); *Walton*, 23 S.W.3d at 148 (noting that the withdrawal motion did not address the motion's delivery to the party, the right-to-object notice, the party's last known address, or the pending settings and deadlines). The time allowed for the party to find new counsel in each case varied with the complexity of the claim at issue and ranged from 30 to 50 days for claims akin to Vectra's breach-of-contract counterclaim. *See Anoco Marine*, 2008 WL 4052927, at *2 (30 days); *Walton*, 23 S.W.3d at 148–49 (50 days); *Williams*, 15 S.W.3d at 113–14 (42 days). The 42 days that Onuma had were well within this range, and he does not explain why that was insufficient to find new counsel and prepare for trial on Vectra's counterclaim—the only claim left in the case.

Accordingly, we hold that the trial court abused its discretion by granting a defective withdrawal motion. But by doing so 42 days before trial, Onuma had ample time to find new counsel and prepare for trial, and the error was harmless. Accordingly, we overrule Onuma's sole issue.

### III. Conclusion

Having overruled Onuma's sole issue, we affirm the trial court's judgment.

8

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  April 25, 2024